UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>PYLE TRANSPORTATION, INC, *et al.*,<br><br>Debtors | Chapter 11<br><br>Bankruptcy No. 24-00578 |

## OPINION AND ORDER ON OBJECTIONS TO PLAN CONFIRMATION

The matters before the Court are an Objection to Confirmation of Plan (Doc. 350) filed by Larry Donley on June 4, 2025, and an Objection to Confirmation of Plan (Doc. 342) filed by MHC Financial Services on May 14, 2025. The Court held a telephonic confirmation hearing on June 6, 2025, and took the matters under advisement. The following appearances were entered: Lauren Goodman for Debtors, Claire Davison for the United States Trustee, Joseph E. Schmall for MHC Financial Services, Mollie M. Pawlosky for Iowa Trust & Savings Bank, Kevin D. Ahrenholz for First Security State Bank, Jeffrey R. Mohrhauser for Continental Bank, John H. Moorlach for Larry Donley, Camille Hawk for First Interstate Bank, and Douglas Flugum as the Chapter 11 Trustee. This is a core proceeding under 28 U.S.C. § 157(b)(2).

### I. BACKGROUND/STATEMENT OF THE CASE

Pyle Transportation is a trucking company that hauls freight for customers in and around the lower 48 states. Its business operates a fleet of roughly 30 trucks and approximately 50 refrigerated trailers. On average, Pyle employs between 25–35 employees at any given time. Pyle is owned by Brian and Justin Pyle, who are both also employees of Pyle. Brian is the company's president and office manager, performing administrative functions and overseeing operations. Justin serves as the company's chief mechanic, performing necessary maintenance and repairs to the trucks. Both brothers also own a number of the trucks that are used in Pyle's business. Pyle, Brian, and Justin each filed their chapter 11 subchapter V petition on June 20, 2024, and modified chapter 11 plans on May 9, 2025.

Debtors now seek confirmation of the amended plans over the objections of two creditors—MHC Financial Services and Larry Donley. MHC Financial Services filed its objection to Brian and Justin's individual plans on May 14, 2025. Larry Donley filed his objection to Pyle's proposed plan on June 4, 2025. The Court held telephonic arguments on those objections. The parties agreed that no in-court hearing or additional evidence was necessary. For the reasons that follow, the Court finds that the individuals' plans and the business's plan should be confirmed.

## II. CONCLUSIONS OF LAW/DISCUSSION

A. <u>Brian Pyle and Justin Pyle's Amended Plans</u>

Debtors seek consensual confirmation of Brian and Justin Pyle's individual amended plans. Section 1191 of the Bankruptcy Code provides that "[t]he court shall confirm a plan under [subchapter V] only if all of the requirements of section 1129(a), other than paragraph (15) of that section, of this title are met." 11 U.S.C. § 1191(a). "The proponent of the plan bears the burden of proof with respect to each element of § 1129(a) under a preponderance of the evidence standard." In re Gilbertson Rests. LLC, 2005 WL 783063, at *4 (Bankr. N.D. Iowa Apr. 4, 2005) (citing In re Internet Navigator Inc., 289 B.R. 128, 131 (Bankr. N.D. Iowa 2003)).

The only two elements of section 1129(a) that are disputed in relation to the individual plans are (a)(7) (best interests of creditors test) and (a)(11) (feasibility). The Court concludes, after thorough review of the record, that Debtors Brian and Justin Pyle have proven, by a preponderance of the evidence, that the amended plans satisfy the remaining undisputed elements of section 1129(a).

*1. MHC's Objection*

MHC objects to the proposed treatment of its claim under Brian Pyle's Amended Plan and Justin Pyle's Amended Plan. The bases for MHC's objections are the same for each: (1) the plans do not provide for payment of MHC's attorney fees and other charges arising post-petition as required under 11 U.S.C. § 506(b) to the extent that MHC's claims are oversecured; (2) the proposed interest rate of 6% is inadequate and inappropriate; (3) the proposed treatment of its claims is not "fair

and equitable" as required under 11 U.S.C. § 1129(b)(2) because (i) the plans do not provide for MHC to retain its liens on the collateral and (ii) the proposed payments do not provide MHC with deferred cash payments totaling at least the allowed amount of MHC's claims with a value as of the effective date of the plan that is at least equal to MHC's interest in the collateral; and (4) the plans are not feasible.

At the plan confirmation hearing, counsel for Pyle indicated it had no objection to allowing MHC to amend its claim to account for payment of MHC's attorney fees and other post-petition charges to the extent MHC's claims are oversecured. For this reason, the Court will not address this portion of MHC's objection.

  a. Interest Rate – Best Interest of Creditors – 11 U.S.C. § 1129(a)(7)

MHC makes a general claim that it will not receive sufficient interest on the payment of its claim over time. While it does not specify whether this is a section 1129(a) or (b) issue, the Court treats it as an objection under section 1129(a)(7). As discussed below, if it was a section 1129(b) objection, it would be irrelevant as the classes MHC is a part of under each plan have accepted the plans. See discussion infra Section II.A.1(c).

Section 1129(a)(7) is the best interest of creditors test, which requires a plan proponent to show that each claimant has either accepted the plan or will receive at least as much as they would in a chapter 7 liquidation. 11 U.S.C. § 1129(a)(7)(A);

4

Diwan, L.L.C. v. Maha-Vishnu (In re Diwan, L.L.C.), 848 F.3d 1147, 1149 (8th Cir. 2017) ("[A] debtor's Chapter 11 plan may only be confirmed, *inter alia*, if any holder of an impaired claim or interest either accepts the plan or receives no less than he would under a Chapter 7 liquidation (the best-interest-of-the-creditors test)."). Because MHC has not accepted the plans, Debtors must show that it will receive at least as much as it would in a chapter 7 liquidation under each plan. Both Brian and Justin have attached liquidation analyses to their plans (Docs. 338 and 339, Ex. A to both). Those documents purport to show that the creditors will all receive as much as or more than they would receive in a chapter 7 liquidation. MHC's objection simply states that the interest rate on its claim should be higher, but it offers no proof that it is not getting the minimum required under section 1129(a)(7) or that the interest rate is inadequate. Both the Pyles and MHC offered declarations. The Pyle declarations specifically state that their plans meet the best interest of creditors test under section 1129(a)(7). MHC's declaration does not address the issue or mention how the interest is deficient. The Court concludes that both Brian and Justin Pyle have shown by a preponderance of the evidence that the 6% interest rate is sufficient to satisfy section 1129(a)(7).

    b.  Feasibility – 11 U.S.C. § 1129(a)(11)

MHC also argues that Brian and Justin Pyle's plans are not feasible. It offers nothing in support of this argument aside from the bare assertion that "[t]he

5

Amended Plans are not feasible." A debtor's plan is feasible if "[c]onfirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the plan, unless such liquidation or reorganization is proposed in the plan." 11 U.S.C. § 1129(a)(11). "In determining whether a plan is feasible, the bankruptcy court has an obligation to scrutinize the plan carefully to determine whether it offers a reasonable prospect of success and is workable." In re Gilbertson Rests., 2005 Bankr. LEXIS 554, at *14 (citing United States v. Energy Resources Co., 495 U.S. 545, 549 (1990)). "Success need not be guaranteed." In re Monnier Brothers, 755 F.2d 1336, 1341 (8th Cir. 1985).

> The test is whether the things which are to be done after confirmation can be done as a practical matter under the facts. Pertinent factors to be considered include the business's earning power, the sufficiency of the capital structure, economic conditions, managerial efficiency, and whether the same management will continue to operate the company.

In re Clarkson, 767 F.2d 417, 420 (8th Cir. 1985) (citations omitted). "The mere prospect of financial uncertainty cannot defeat confirmation on feasibility grounds." In re Gilbertson Rests., 2005 Bankr. LEXIS, at *15 (citing In re Leslie Fay Cos., 207 B.R. 764, 789 (Bankr. S.D.N.Y. 1997)).

The record supports the conclusion that Debtors' plans are feasible under section 1129(a)(11). Both Brian and Justin's plans provide for payment of their projected disposable income over a period of three years. Remaining funding will be derived from the business operations of Pyle. Based on the Monthly Operating

6

Reports submitted by Debtors, Pyle's total cash receipts for the 11-month period from July 2024 through May 2025 amount to approximately $4,215,494, an average of $383,226 per month. Pyle's Schedules show gross revenue of $7,095,327 for 2023 and $9,712,363 for 2022. The proposed plan projects gross revenue of roughly $5,600,000 per year for the next four years. Both Brian and Justin state in their declarations that the plans are feasible for the reasons provided in their filing. Considering the Debtors' monthly operating reports, revenue from years prior to bankruptcy, and the declarations of both Brian and Justin, the Court finds the plans' financial projections to be reasonable. With those projections in mind, the Court also finds that confirmation of the Debtors' plans is not likely to be followed by liquidation or the need for further financial reorganization. MHC has not pointed to any evidence that would suggest otherwise, and thus its objection to the feasibility of the proposed plans is overruled.

    c.  Fair and Equitable Treatment – 11 U.S.C. § 1129(b)

MHC's arguments related to lien retention and deferred cash payments rely on the "fair and equitable" treatment requirement imposed by 11 U.S.C. § 1129(b). However, this section only applies when "all of the applicable requirements of subsection (a) … other than paragraph (8) are met with respect to a plan." 11 U.S.C. § 1129(b)(1). Paragraph (8) requires each impaired class to accept the plan. Id. § 1129(a)(8)(A). MHC holds an impaired Class 2A Claim under Brian Pyle's Amended

Plan, and an impaired Class 2 Claim under Justin Pyle's Amended Plan. MHC has rejected both plans. Despite its rejection, both classes of claims were deemed to have accepted the plans by operation of 11 U.S.C. § 1126(c), which provides the following:

> A class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under subsection (e) of this section, that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors, other than any entity designated under subsection (e) of this section, that have accepted or rejected such plan.

Id. § 1126(c). The Report on Ballots (Doc. 355) shows that creditors holding at least two-thirds in amount and more than one-half in number of the allowed claims in each relevant class voted to accept the plan. This is not disputed. For this reason, Class 2A under Brian Pyle's Amended Plan and Class 2 under Justin Pyle's Amended Plan have accepted the plans and section 1129(b) does not apply here. MHC's objection related to the proposed retention of liens and the amount of deferred cash payments is therefore overruled.

B. Pyle Transportation's Amended Plan

Debtors seek non-consensual confirmation of Pyle Transportation's Amended Plan under 11 U.S.C. § 1191(b). This section applies when all confirmation requirements imposed by section 1129(a) are met, aside from paragraphs (8), (10), and (15), and permits "cramdown" confirmation "if the plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the plan." 11 U.S.C. § 1191(b).

The sole creditor objecting to confirmation, Larry Donley, argues that the Plan does not meet the requirements set forth in section 1129(a)(1) (compliance with applicable code provisions) and section 1191(b) (unfair discrimination). The remaining elements of sections 1129(a) and 1191(b) are not in dispute. The Court thus concludes, after thorough review of the record, that Debtor Pyle Transportation has carried its burden of proof on the undisputed confirmation requirements of sections 1129(a) and 1191(b). The Modified Plan is confirmable subject to the Court's findings on the remaining disputed elements—whether the Modified Plan complies with applicable code provisions, namely section 1122(a) governing classification of claims, and whether the Plan's treatment of Larry Donley's claim constitutes unfair discrimination.

1. *Larry Donley's Objection*

Larry Donley is a former employee of Pyle and was injured on the job. Donley later obtained a judgment against Pyle for $43,429.86 and "all future medical necessitated by the injury." He holds a general unsecured claim for these amounts. Donley objects to confirmation of Pyle's Modified Plan, arguing that the Plan improperly classifies his claim and does not address the payment of future medical costs awarded to him in the underlying state court judgment. He also argues that because his claim has not been placed in a separate class, the Plan unfairly discriminates against him. However, unfair discrimination under section 1191(b) "is

a class issue, not an individual creditor or interest holder issue." 7 Collier on Bankruptcy ¶ 1129.03. "This provision prohibits unfair discrimination between classes of creditors with the same level of bankruptcy priority." In re Journal Register Co., 407 B.R. 520, 532 (Bankr. S.D.N.Y. 2009) (citing Kane v. Johns-Manville Corp., 843 F.2d 636, 636 (2d Cir. 1988)). Donley is not arguing that unfair discrimination exists between classes of creditors in this case. Section 1191(b) is therefore not at issue here, and in the absence of other objections, the Court concludes that the Plan satisfies the requirement that it not unfairly discriminate.

    a. Section 1122(a)

As for the remainder of Donley's objection, section 1129(a)(1) requires that a plan comply with "the applicable provisions of this title." 11 U.S.C. § 1129(a)(1). The legislative history of this section indicates that "the applicable provisions of chapter 11 include such sections as 1122 and 1123, governing classification and contents of a plan." H.R. Rep. No. 595, 95th Cong., 1st Sess. 412 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 126 (1978), U.S. Code Cong. & Admin. News 1978, pp. 5963, 6368, 5787, 5912. Section 1122(a) provides that "a plan may place a claim or an interest in a particular class only if such claim or interest is substantially similar to the other claims or interests of such class." 11 U.S.C. § 1122(a). "In determining what claims are 'substantially similar', Congress intended the controlling factor to be the *nature* of the similarly classed claims." In re Ne. Dairy Coop. Fed'n, Inc., 73 B.R. 239, 249

(Bankr. N.D.N.Y. 1987) (citing H.R. Rep. No. 595, 95th Cong., 1st Sess. 412) (emphasis in original). See also J.P. Morgan & Co. v. Missouri P.R. Co., 85 F.2d 351, 352 (8th Cir. 1936) ("[T]he classification should in nowise depend upon the nature of the claimant or his interest in the sense of his bias or leanings, but only up on the nature of the claim."). "This would encompass an analysis of the legal character or the quality of the claim as it relates to the assets of the debtor. Basically, it is simply a method of recognizing the rights of creditors which call for difference in treatment." In re Ne. Dairy Coop. Fed'n, Inc., 73 B.R. at 249. Generally, "[a]ll creditors of equal rank with claims against the same property should be placed in the same class." In re Scherk v. Newton, 152 F.2d 747, 751 (10th Cir. 1945).

Donley's claim is not so dissimilar from the other general unsecured claims that it warrants separate classification. While the future medical payment obligation adds another variable to his claim, it is still an unsecured claim that entitles him to the same rights as the other general unsecured creditors. To the extent it leaves any uncertainty on the amount of that claim, the Code allows for estimation of unliquidated claims. See 11 U.S.C. § 502(c)(1). It does not, however, require a separate classification.[1] For this reason, the Court finds that the Plan properly classifies Donley's claim. The objection is overruled.

---

[1] At the confirmation hearing on June 6, 2025, counsel for Pyle and Donley indicated that neither party wanted to proceed with claim estimation for the unliquidated portion of Donley's claim. Instead, counsel was to discuss the Plan's treatment of Donley's claim and come to an agreement either on an estimated amount of future medical costs

### III. CONCLUSION/ORDER

For the foregoing reasons, the objections to confirmation filed by MHC and Larry Donley are **OVERRULED**. The Court finds that the Modified Plans of Pyle Transportation, Brian Pyle, and Justin Pyle are confirmable. Debtors are to submit proposed confirmation orders for the Court's consideration.

Ordered:

September 3, 2025

Thad J. Collins
Chief Bankruptcy Judge

---

or language to be included addressing non-payment of those costs. For this reason, the Court will address only the classification of Donley's claim.